### LOEB et al. v. HENDRICKS, Collector.

#### (Circuit Court, S. D. New York. September 14, 1893.)

CUSTOMS DUTIES—EXCESSIVE VALUATION—STATUTORY REMEDY EXCLUSIVE.
    Under the customs administrative act of June 10, 1890, § 13, which provides for an appeal to the board of general appraisers if the importer is aggrieved by valuation of the import, and section 25, which declares that no action shall be against the collector in any case in which the importer is entitled to appeal under the provisions of the act, the remedy by appeal from an appraisement is exclusive, and an action cannot be maintained against the collector to recover an alleged excess of duties paid on a valuation advanced by an appraiser over the invoice value of imported merchandise.

At Law. Demurrer to complaint for want of jurisdiction. Sustained.

On an importation and entry of cotton embroideries from St. Gall, Switzerland, by Loeb & Schoenfeld, at the port of New York on November 7, 1891, the invoice of the goods was transmitted by the collector to the appraiser of the port for appraisement. The complaint in the action alleged that the appraisement was not conducted according to law; that the appraiser made no attempt to appraise the market value of the goods, but proceeded in an irregular, arbitrary, and illegal manner to appraise the cost of production thereof, and made an addition to the invoice value of said merchandise of 3 per cent., purporting to be for general expenses; that the collector liquidated the duties upon such illegal advanced valuation returned by the appraiser, which liquidation was therefore alleged to be wholly null and void. The collector assessed and collected the duties on the advanced valuation, and the importers brought suit directly in the United States circuit court against the collector to recover judgment for the alleged excess. The United States attorney, on behalf of the collector, filed a demurrer to the complaint, on the ground that the court had no jurisdiction of the cause of action therein alleged against the defendant.

The act of congress of June 10, 1890, relative to the collection of customs duties, contains the following provisions: "Sec. 13. * * * The decision of the appraiser or the person acting as such (in cases where no objection is made thereto, either by the collector, or by the importer, owner, consignee or agent,) or of the general appraiser in cases of reappraisement, shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, owner, consignee, or agent of the merchandise shall be dissatisfied with such decision, and shall within two days thereafter, give notice to the collector in writing of such dissatisfaction, or unless the collector shall deem the appraisement of the merchandise too low, in either case the collector shall transmit the invoice and all the papers appertaining thereto to the board of three general appraisers,

which shall be on duty at the port of New York, or to a board of three general appraisers who may be designated by the secretary of the treasury for such duty at that port or at any other port, which board shall determine and decide the case thus submitted, and their decision or that of a majority of them, shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, and the collector, or the person acting as such, shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise, and the dutiable costs and charges thereon according to law." "Sec. 25. That from and after the taking effect of this act no collector or other officer of the customs shall be in any way liable to any owner, importer, consignee, or agent of any merchandise, or any other person, for or on account of any rulings or decisions as to the classification of said merchandise or the duties charged thereon, or the collection of any dues, charges or duties on or on account of said merchandise, or any other matter or thing as to which said owner, importer, consignee, or agent of such merchandise might, under this act, be entitled to appeal from the decision of said collector or other officer, or from any board of appraisers provided for in this act."

### Henry C. Platt, Asst. U. S. Atty., in support of the demurrer.

(1) There is no longer any right of action at common law by an importer against collectors of customs for the recovery of an alleged excess of duties. Cary v. Curtis, 3 How. 236; Arnson v. Murphy, 109 U. S. 238, 240, 241, 3 Sup. Ct. Rep. 184; Hager v. Swayne, 13 Sup. Ct. Rep. 841, 842; section 29, Act June 10, 1890; U. S. v. Davis, 4 C. C. A. 251, 54 Fed. Rep. 155, 156.

(2) There is now no statute under which this action against the collector is authorized to be brought in the United States circuit court. The act of February 26, 1845, was the first act giving exclusive statutory right of action. It was repealed by the act of June 30, 1864. Barney v. Watson, 92 U. S. 449. The act of June 30, 1864, was repealed by the Revised Statutes, (section 5596.) The statutory right of action provided for in the Revised Statutes was repealed by section 29 of the act of June 10, 1890, wherein a new and exclusive remedy was provided by a new procedure. In re Sherman, 55 Fed. Rep. 276, 277. This repeal did not revive the former acts of 1845 or 1861, nor revive the common-law right of action which was abrogated by the act of 1839, (chapter 82, § 2.) U. S. v. Philbrick, 120 U. S. 52, 57, 58, 7 Sup. Ct. Rep. 413. The exclusive remedy of an importer for a review of any advance in the invoice valuation by the appraiser is plainly pointed out in section 13 of the act of June 10, 1890.

(3) The collector is by law relieved from such actions against him in the United States circuit court. Section 25, Act June 10, 1890. This exemption is not confined to those matters as to which the importer can now appeal from the decision of the board of general appraisers to the United States circuit court, under the provisions of section 15 of the act of June 10, 1890, but covers all matters as to which the importer is entitled to appeal from the decision of the collector or other officer. Section 25, Id. The appraiser is an officer. He is appointed by the president. 14 Stat. 303; sections 6, 7, e. 284, Act July 27, 1866. The importer is now entitled to appeal from the appraiser to the board of general appraisers, whose decision as to dutiable valuation is final and conclusive. Section 13, Act June 10, 1890; Passavant v. U. S., 148 U. S. 214, 13 Sup. Ct. Rep. 572; U. S. v. Strauss, 55 Fed. Rep. 388, 390.

### W. Wickham Smith, for plaintiffs.

(1) A collector of customs was suable at common law for money extorted colore officii from a merchant, and paid under protest. Elliott v. Swartwout, 10 Pet. 137.

(2) The repeal of the acts of 1845 and 1864 and of the Revised Statutes leaves the importer just where he was before they were enacted.

(3) Section 25 of the act of June 10, 1890, does not take away the common-law right of action against the collector in a case which does not relate to the classification of merchandise or the rate of duty chargeable thereon.

LACOMBE, Circuit Judge. The language of section 25 of the customs administrative act of June 10, 1890, is controlling of this case. Its phraseology is comprehensive; its exemption of the collector from personal liability to the importer is plain; and the act was one which it was within the power of congress to pass. The suggestion that the importer in a case involving the appraisement of merchandise has no right of appeal from the board of general appraisers is immaterial. He is, under this act, entitled to appeal from the decision of the collector, and in such case the statute secures the collector exemption from personal suit.

Demurrer sustained.